1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

5

6

7

8

9

CLAUDIA GASTELUM,

            Plaintiff,

vs.

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, a Wisconsin Corporation; CINEMA
GREENBERG, Esq., Individually; DOE
INDIVIDUALS I-X, inclusive; ROE
CORPORATIONS I-X, inclusive,

            Defendants.

Case No.: 2:15–cv–00126–JAD–VCF

**Order Remanding Case and Denying
Without Prejudice Defendant's
Motion to Dismiss**

[Docs. 8, 11]

10

11

12

13

14

15

     For American Family Mutual Insurance Company, the third time is not the charm.  American Family has thrice removed Claudia Gastelum's lawsuit in which she alleges various breaches and tortious conduct by this insurer and its adjuster during the binding arbitration of Gastelum's car-accident coverage dispute.  I now grant Gastelum's motion to remand and send this case back to state court for a third time because this removal was untimely.

16

**Background**

17

18

19

20

21

22

23

     This case began as a coverage dispute between Gastelum and American Family over underinsured-motorist benefits in Gastelum's car-insurance policy.[1]  American Family and Gastelum submitted the dispute to binding arbitration.  Gastelum alleges that American Family and its claims handler, Cinema Greenberg, breached the arbitration agreement, made fraudulent representations, and acted in bad faith during the arbitration hearing.[2]  It ended in a $47,000 award to Gastelum that American Family has refused to pay.[3]  Gastelum filed this lawsuit in Nevada's Eighth Judicial District Court against Greenberg and American Family on October 16, 2013.[4]

24

25

26

27

28

---

[1] Doc. 1 at 8.

[2] *Id.* at 7-20.

[3] *Id.* at 14.

[4] Doc. 1 at 6-21.

American Family has removed this lawsuit to federal court three times.  It first removed this action on January 9, 2014, under 28 U.S.C. § 1332, based on diversity jurisdiction.  The case was assigned to Judge Robert C. Jones.[5]  Although the presence of Gastelum (a Nevada citizen) on one side and Greenberg (also a Nevada citizen) on the other side should destroy diversity, American Family argued in its removal petition that Gastelum fraudulently joined Greenberg merely to defeat diversity jurisdiction.[6]  Several days after removing the case, in a move that suggests forum shopping, American Family itself moved to remand the case back to state court.  It argued that it had jumped the gun and should have waited until the state court decided a motion to dismiss the claims against Greenberg, which American Family filed after removing the case to federal court.[7]  Gastelum joined in the remand motion, and she argued that the removal was untimely: the removal statute gives defendants 30 days after receipt of the complaint to remove, and American Family waited 49 days.[8]  Judge Jones eventually granted the motion to remand in April.[9]  But before he did—and although the case had been removed and was then pending exclusively in federal court—the state-court judge entered an order dismissing the claims against Greenberg.[10]

American Family removed a second time on May 15, 2014, and the case was assigned to Judge Gloria Navarro.[11]  Again the insurer cited diversity jurisdiction under 28 U.S.C. § 1332 as the basis for federal jurisdiction—this time claiming that Greenberg's dismissal from the lawsuit made the case removable under 28 U.S.C. 1446(b)(3).[12]  Gastelum again moved to remand.  Judge Navarro

---

[5] Doc. 8-16, *Gastelum v. Am. Family Mut. Ins. Co.*, No. 2:14-cv-00045-RCJ-VCF.

[6] *Id.* at 5, ¶ 10.

[7] Doc. 8-17.

[8] Doc. 8-18.

[9] Doc. 8-21.

[10] Doc. 8-20.

[11] Doc. 8-22, *Gastelum v. Am. Family Mut. Ins. Co.*, No 2:14-cv-00773-GMN-CWH.

[12] *Id.*

2

1  then ordered the parties to show cause why the state court had jurisdiction to enter the order

2  dismissing the claims against Greenberg after the case had been removed.[13]  On December 23, 2014,

3  Judge Navarro concluded that the state court lacked jurisdiction to dismiss the claims against

4  Greenberg, so Greenberg was still in this case when it was removed the second time.[14]  Diversity was

5  thus still lacking, and Judge Navarro remanded the case yet again.[15]

6       American Family filed this third petition for removal 29 days later, landing this well-traveled

7  case in my court.[16]  Again the insurer claims removal is based on diversity jurisdiction.  And again it

8  argues that Greenberg's citizenship should be disregarded because this claims adjuster "has been

9  fraudulently joined as a defendant in this action in order to defeat diversity jurisdiction."[17]

10       Gastelum now moves to remand this case yet again.[18]  I have reviewed the parties' briefs and

11  the record of both prior federal cases, and I find this matter appropriate for resolution without oral

12  argument.  I conclude that this petition is untimely in three ways, and I remand this case back to the

13  state court where, hopefully, it will finally remain.  And because I am remanding this case, I deny

14  American Family's motion to dismiss without prejudice so it may be re-urged before the state-court

15  judge who—comity suggests—should be deciding the merits of this dispute.

16  **Discussion**

17       When a case is filed in state court between parties who are citizens of different states, and the

18  case value exceeds $75,000, the defendant may remove the case to federal court.[19]  "Federal courts

19

20  _____

21  [13] Doc. 8-25 at 3.

22  [14] *Id*. at 4.

23  [15] *Id*. at 5.

24  [16] Doc. 1.

25  [17] *Id.* at 2.

26  [18] Doc. 8.

27  [19] 28 U.S.C. §§ 1332, 1441, 1446.

28

are courts of limited jurisdiction."[20]  Accordingly, there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[21]  If, after removal, the federal court finds that the parties to a suit removed based on diversity jurisdiction are not diverse, the case should be remanded back to state court.[22]

Section 1446 contains three key deadlines that impact removability.  When a case "stated by the initial pleading is removable on its face," section 1446(b)(1) gives a defendant 30 days from service of that pleading to file the petition for removal.[23]  If the case is not initially removable but becomes so because of an amended pleading, motion, or order, section 1446(b)(3) gives the defendant 30 days from receipt of that document to file the petition for removal.[24]  These 30-day deadlines are "construed narrowly in favor of remand to protect the jurisdiction of state courts."[25]  Finally, section 1446(c)(1) sets an outside deadline for removal under subsection (b)(3): the right to remove expires one year after the action commences "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[26]

## A.   Defendants missed 1446(b)(1)'s 30-day window for removal.

American Family claims removal jurisdiction based on diversity jurisdiction.  It recognizes that cases are removable on this basis only when there is complete diversity between the parties, i.e. each plaintiff is a citizen of a different state than each defendant,[27] and that both Gastelum and

---

[20] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[21] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[22] 28 U.S.C. § 1447(c).

[23] 28 U.S.C. § 1446(b)(1); *Harris v. Banker's Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

[24] 28 U.S.C. § 1446(b)(3).

[25] *Harris*, 425 F.3d at 698.

[26] 28 U.S.C. § 1446(c)(1).

[27] *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

4

Greenberg are Nevada citizens.  But American Family contends that the fraudulent-joinder exception to the complete diversity requirement applies.  Under this exception, joinder is deemed a sham and the non-diverse defendant's citizenship is ignored for diversity purposes when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."[28]  In short, American Family argues that the claims against Greenberg are meritless and he was sued merely to destroy diversity; the court should consider the citizenship of only Nevadan Gastelum and Wisconsinite American Family, who are completely diverse; and federal jurisdiction is proper.

But even if I assume that Greenberg's joinder is fraudulent, this case must be remanded because American Family's removal was untimely.  Fraudulent-joinder removals must comply with the 30-day deadline in section 1446(b)(1) because Ninth Circuit precedent strongly suggests that fraudulent joinder should be measured at the time the initial complaint is filed.[29]  And there is no reason not to apply this rule here because the fraudulent-joinder argument that American Family relies on to establish federal jurisdiction was known to this defendant from the face of the complaint.

As American Family explained in its first removal notice, "Greenberg['s] . . . inclusion as a party [d]efendant does not defeat diversity.  [He] is an employee of American Family assigned to analyze Plaintiff's insurance claim.  American Family alleges that . . . Greenberg was included in this suit solely to defeat diversity jurisdiction and, as such, is a fraudulent joined Defendant."[30]  American Family further explained that Greenberg was "not personally liable for any of the causes of action included in plaintiff's complaint."[31]

---

[28] *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

[29] *See id.* at 1313-16; *Roth v. CHA Hollywood Med. Ctr., L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013) (holding, "a defendant [may] remove outside the two thirty-day periods on the basis of its own information [about sham defendants], provided that it has not run afoul of either of the thirty-day deadlines," suggesting that the 30-day periods otherwise apply).

[30] Doc. 8-16 at 5, ¶ 10.

[31] *Id.* at ¶ 11.

5

1       It is undisputable that these facts were known to American Family—Greenberg's

2  employer—at the time American Family was served with the complaint on November 21, 2013.[32]

3  There has been no document subsequent to the initial pleading that alerted American Family to this

4  fraudulent-joinder argument, which is this defendant's basis for the instant removal.  Accordingly,

5  American Family had 30 days from the November 21, 2013, service date—until December 21,

6  2013—to file its petition for removal.  Its initial removal 19 days later on January 9, 2014, was

7  untimely; the instant removal more than a year later on January 22, 2015, fell far outside the

8  deadline.  Gastelum has timely objected to this defective removal,[33] and this case must be remanded.

9     **B.**     **American Family's removal was also untimely under 28 U.S.C. 1446(b)(3).**

10      None of American Family's removals can be saved by section 1446(b)(3), which triggers a

11  30-day removal period for cases whose removability is not initially apparent but becomes apparent

12  within the first year.  Because the basis for American Family's removal was apparent to this

13  removing party from the moment it was served with the initial complaint, section 1446(b)(3) does

14  not apply.

15      But even if we were to assume that was not true, American Family did not remove this case

16  within 30 days of any triggering paper.  Neither of the prior remand orders can qualify as an order

17  triggering the 30-day period under section 1446(b)(3) because both found the case not removable.[34]

18  Even if the state court's (ineffective) dismissal of the claims against Greenberg on March 19, 2014,

19  could qualify as that trigger,[35] American Family again blew the 30-day deadline because it did not

---

[32] *Id*. at 4, ¶ 2-3.

[33] 28 U.S.C. § 1446's time limits are mandatory and a plaintiff's timely objection to a late petition will defeat removal.  *See Smith v. Mylan, Inc.*, 761 F.3d 1042, 1045-46 (9th Cir. 2014).  In each of her prior remand motions, Gastelum argued that the removals were procedurally untimely under 28 U.S.C. § 1446.  Docs. 8-18 at 9-10, 8-24 at 10-12.  While Gastelum again focuses on the timeliness of the prior removals in this motion, I will construe it as also invoking 28 U.S.C. § 1446's procedural bars to this third removal.

[34] Docs. 8-21 at 3, 8-25 at 5.

[35] As Judge Navarro held in her remand order, the state court lacked jurisdiction to enter that order, so it actually had no legal effect.  *See* Doc. 8-25 at 4.

6

file its new petition for removal until May 15, 2014.[36]  It is irrelevant that American Family did not

file a notice of entry of that dismissal order until April 17, 2014.  The 30-day deadline in section

1446(b)(3) is triggered by a defendant's "receipt" of an "order or other paper from which it may first

be ascertained that the case is one [that] is or has become removable."[37]  As the party who filed that

motion to dismiss, American Family would have received the state court's order by electronic

service when it was originally filed on March 19, 2015, then triggering the 30-day deadline.  Thus,

section 1446(b)(3) affords American Family no safe harbor from its fatally untimely removal.

### C.   American Family's removal is also time-barred by the one-year deadline in 28 U.S.C. 1446(c)(1).

Even if American Family were able to establish that its removal met the 30-day deadline in

subsection (b)(3), the instant removal is still untimely because it did not occur within the first year of

this case.  Section 1446(c)(1) cuts off a defendant's ability to remove a state-court action based on

diversity jurisdiction after the first year of litigation:

> A case may not be removed under subsection (b)(3) on the basis of
> jurisdiction conferred by section 1332 more than 1 year after
> commencement of the action, unless the district court finds that the
> plaintiff has acted in bad faith in order to prevent a defendant from
> removing the action.[38]

This statute prevents a defendant from removing a case that becomes removable more than a year

into the litigation unless the delay in removability is due to the plaintiff's bad faith.[39]

Gastelum filed this case on October 16, 2013,[40] but this removal petition was not filed until

more than a year later on January 22, 2015, making it presumptively untimely.[41]  The fact that

---

[36] Doc. 8-22.

[37] 28 U.S.C. § 1446(b)(3).

[38] 28 U.S.C. § 1446(c)(1).

[39] *See Ritchey*, 139 F.3d at 1316.

[40] Doc. 1 at 6.

[41] *Id*. at 1.

American Family has petitioned to remove the case to federal court three times does not modify this deadline in any way.[42]  And although the court has discretion to waive the one-year deadline when the plaintiff prevented removal by acting in bad faith, I do not find that Gastelum acted in bad faith to prevent removal.  Rather, American Family has largely directed the progression of this case since January 2014.  Thus, to the extent the case was not initially removable, American Family's petition is untimely under 28 U.S.C. §1446(c)(1), and I exercise my discretion to remand it.

### Conclusion

Accordingly, it is HEREBY ORDERED that Plaintiff Claudia Gastelum's Motion to Remand Under 28 U.S.C. § 1447(c) **[Doc. 8] is GRANTED**.

IT IS FURTHER ORDERED that Defendant American Family Mutual Insurance Company's Motion to Dismiss **[Doc. 11] is DENIED** without prejudice to its refiling in state court.

The Clerk of Court is instructed to remand this case back to the Eighth Judicial District Court, Case No. A-13-690265-C, and close this matter.

DATED August 18, 2015

Jennifer A. Dorsey
United States District Judge

---

[42] *See e.g., Johnson v. Am. Online, Inc.*, 280 F. Supp. 2d 1018, 1023–24 (N.D. Cal. 2003) (holding that the one-year deadline applies to re-removal based on newly discovered facts relating to the amount in controversy); *Markham v. Home Depot USA, Inc.*, 2014 WL 117102, at *3 (C.D. Cal. Jan. 10, 2014) (holding re-removal is subject to § 1446(c)(1)'s one year deadline).